Charles E. **MURPHY, Kathleen Murphy, his wife, and Mark Murphy, his dependent son, Plaintiffs,**

v.

**REPUBLIC HEALTH CORPORATION, a foreign corporation and Raleigh Hills Hospital a/k/a Horizon Recovery Center, Defendants.**

No. 86–8272–Civ.

United States District Court,
S.D. Florida, Fort Lauderdale Division.

Sept. 26, 1986.

David K. Kelley, West Palm Beach, Fla., for plaintiffs.

Herman J. Russomanno, Alan G. Greer, Floyd Pearson Richman Greer Weil Zack & Brumbaugh, P.A., Miami, Fla., for defendants.

## FINAL ORDER OF DISMISSAL

ZLOCH, District Judge.

THIS MATTER is before the Court upon (1) the Motion to Dismiss for Lack of In Personam Jurisdiction (DE 5) and (2) the Motion to Transfer Action (DE 6), both motions filed herein by the Defendants, Republic Health Corporation (Republic) and Raleigh Hills Hospital (Raleigh Hills).

The Defendants, Raleigh Hills and Republic have moved to dismiss this action for lack of *in personam* jurisdiction. Plaintiffs allege that jurisdiction is proper under 28 U.S.C. Section 1332.

Plaintiffs bring this action for alleged acts of negligence on the part of Raleigh Hills and Republic, as owner of Raleigh Hills, which acts allegedly resulted in serious injury to the plaintiff, Charles E. Murphy, during the course of said plaintiff's course of withdrawal treatment under the supervision of Raleigh Hills.

This issue of *in personam* jurisdiction in a federal diversity action is governed by the law of the state in which the federal court sits. *Gordon v. John Deere Co.*, 466 F.2d 1200 (5th Cir.1972). Therefore, this Court must look to Florida's long-arm stat-

ute, Florida Statutes Section 48.193, for authorization, which provides in pertinent part at Section 48.193(1)(f)(1):

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative, to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(f) causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, ...

1. The defendant was engaged in solicitation or service activities within this state ...

Florida courts require substantial proof before extending *in personam* jurisdiction over non-resident defendants. *Moltz v. Seneca Balance, Inc.*, 606 F.Supp. 612, 615 (S.D.Fla.1985). In determining the propriety of *in personam* jurisdiction over the defendants, this Court must apply state law standards.

To establish *in personam* jurisdiction, the plaintiff has the burden of pleading sufficient material facts to form a basis for such jurisdiction. If the defendants sufficiently challenge plaintiff's assertions by way of affidavits or other pleadings, the plaintiff must then affirmatively support its jurisdictional assertions and may not merely rely upon the allegations of the complaint. *Cosmopolitan Health Spa, Inc. v. Health Industries, Inc.*, 362 So.2d 367, 368 (Fla. 4th DCA 1978).

In the instant case, plaintiffs' sole allegations regarding jurisdictional requirements are contained in Paragraph 10 of the Complaint:

10. At all times material hereto, Defendant Raleigh Hills Hospital, engaged in a practice of advertisement through the media including but not limited to newspaper advertisements, television advertisements and telephone advertisements soliciting the public and specifical-

ly the Plaintiffs for care and treatment concerning alcoholism and substance abuse.

Pursuant to Florida's long-arm statute, Section 48.193 as quoted herein, the defendant must have engaged in solicitation activities "within this state". Plaintiffs fail to allege any such activity by Defendants within the state of Florida.

Furthermore, despite the fact that plaintiffs have not specifically alleged any activity by Defendants *within this state*, Defendants have submitted an Affidavit by the Vice President of Raleigh Hills stating that Raleigh Hills does not engage in solicitation or advertisement through the media within the state of Florida. Plaintiffs have made no response to this rebuttal.

In view of the foregoing, this Court must conclude that plaintiffs have failed to meet the burden of establishing *in personam* jurisdiction over the defendants under Florida law. In so doing, the Court is mindful that a claim should not be dismissed for lack of *in personam* jurisdiction unless it appears beyond doubt that the plaintiff can establish no set of facts upon which personal jurisdiction over the defendants would be proper. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *McKinnis v. Mosley*, 693 F.2d 1054 (11th Cir.1982). The Court finds that the plaintiffs have established no facts upon which personal jurisdiction can be exercised over the plaintiffs. Even if the jurisdictional requirements of Florida's long-arm statute had been satisfied, this Court would then be compelled to ensure that the due process requirements as set forth by the Supreme Court had likewise been met. *Worldwide Volkswagen v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Since the Florida long-arm jurisdictional requirements have not been met, a due process analysis is unwarranted.

This Court further notes that a dismissal of this action will not work any undue hardship upon the plaintiffs, nor will it leave them without a remedy; it is there-

fore unnecessary to address defendants' Motion for a Transfer. Accordingly, it is

ORDERED AND ADJUDGED as Follows:

1. Defendants' Motion to Dismiss for Lack of In Personam Jursidiction (DE 5) be and the same is hereby GRANTED.

2. Defendants' Motion for a Transfer (DE 6) be and the same is hereby DENIED.

3. The above-styled cause be and the same is hereby DISMISSED, without prejudice, each party to bear its own costs.