513 So.2d 745 (1987)
Maria DeMetra HONTZAS and Richard Bite, Appellants,
v.
KAUFMAN, ROSSIN & CO., Appellee.
No. 87-1311.
District Court of Appeal of Florida, Third District.
October 6, 1987.
*746 Fowler, White, Burnett, Hurley, Banick & Strickroot and Lloyd R. Schwed, Miami, Baxley, Dillard & Dauphin, Birmingham, Ala., for appellants.
Stanley M. Newmark, Miami, for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
The order under review which denied the appellants' motion to dismiss for lack of jurisdiction is reversed upon a holding that the plaintiff's allegations that the appellants engaged it, a Florida firm, to perform accounting services in connection with the evaluation of an Alabama estate and property located in Alabama with the implicit understanding that payment for these services would be forwarded to the accountants in Florida and the explicit understanding that the agreement between the parties would be governed by the laws of the State of Florida are not, without more, sufficient to establish long-arm jurisdiction over the appellants, Alabama residents. Herman v. Sunset Commercial Bank, 481 So.2d 98 (Fla. 3d DCA 1986).[1] Accordingly, the order is reversed with directions to set aside the default entered against the appellants and dismiss the cause for lack of jurisdiction over their persons.
Reversed and remanded with directions.
NOTES
[1] At the appellants' request, we judicially noticed the record and briefs filed in this court in the Herman case and determined that the guaranty contract there involved contained a choice-of-Florida-law clause.