**Leland T. PRENTICE, Plaintiff,**

v.

**PRENTICE COLOUR, INC., Defendant.**

No. 90–1327–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 15, 1991.

**580**

William Newt Hudson, Yanchuck, Thompson, Young & Berman, P.A., Tarpon Springs, Fla., for plaintiff.

Alice Ruth Huneycutt, Stearns, Weaver, Miller, Weisller, Alhadeff & Sitterson, Tampa, Fla., for defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant Prentice Colour, Inc.'s motion for reconsideration, memorandum of law in support filed February 22, 1991, and Plaintiff Leland Prentice's memorandum in opposition filed March 12, 1991. Defendant's motion to dismiss for lack of *in personam* jurisdiction or in the alternative motion to transfer venue; motion to dismiss count II for lack of subject matter jurisdiction; motion to dismiss count I or in the alternative motion for more definite statement; motion to dismiss count II or in the alternative motion to strike; and motion to dismiss count III were all denied by Order of this Court entered February 7, 1991. There are no further motions pending before the Court in this cause. In addition, documents purportedly evidencing agreements between Plaintiff and Defendant have been filed with this court as Exhibits A–E to the Complaint.

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

Plaintiff in this action is a resident and citizen of the State of Florida. According to the exhibits filed, Plaintiff Leland Prentice is the sole inventor and licensor of patent rights in what is known as the 'Prentice Colour Process'.

Defendant is a Texas corporation with its principal place of business in the State of Texas. Defendant entered into various agreements with Plaintiff beginning in 1983 and relating to the Prentice Colour Process and licensing rights thereto.

This Court has jurisdiction under 28 U.S.C. Section 1332 as there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds the sum of fifty thousand dollars ($50,000.00).

The Complaint is in three counts. Count I is in simple breach of contract; count II is for a declaratory judgment as to Plaintiff's

rights under the agreements and for other equitable relief; count III is a pendent claim alleging breach of lease agreement.

As Plaintiff has correctly pointed out, Defendant's argument has not changed upon its motion for rehearing; however, this Court finds that the issues before it are complex and that the guidance from the body of caselaw cited by the parties is insufficient. Relevant authority has gone unrecognized by both parties. With due consideration, the Court has conducted a fresh review of the relevant caselaw and commentary pertaining to this cause.

## FACTUAL BACKGROUND

On July 26, 1984 in the State of Texas Plaintiff Leland T. Prentice (Licensor) and Stephen C. Prentice (Licensee) executed an agreement dating to August 17, 1983 and entitled 'Exclusive Worldwide Licensing Agreement' ("AGREEMENT") which purports to grant Licensee, among other things; "the exclusive worldwide right and license to practice the Prentice Process and to make, use and sell products made in accordance with the Prentice Process using the Prentice technology, the Prentice Patent Rights, and/or Prentice Mark Rights."

An amendment ("AMENDMENT I") to the original agreement of August 17, 1983 was executed on December 19, 1985 in the State of Texas, naming Prentice Colour, Inc., in addition to Plaintiff Leland Prentice and Licensee Stephen C. Prentice, as a party to the agreement. On October 7, 1986 in the State of Texas, a second amendment ("AMENDMENT II") was made. This amendment was made solely between Leland T. Prentice (Licensor) and Prentice Colour, Inc. (Licensee). AMENDMENT II made reference to an assignment of rights from Stephen C. Prentice to Prentice Colour, Inc. Further amendments were made as evidenced by a letter ("LETTER") of October 7, 1991 addressed to Plaintiff at his residence in the State of Texas and signed by Stephen C. Prentice, then the president of Defendant corporation, which read; "We have further agreed that in the event the pending lawsuit against AB Dick Company is settled or any amount recov-ered by Prentice Colour, Inc., ten percent (10%) of the recovery shall be paid to you."

Finally, on February 2, 1987 in the State of Texas, Prentice Colour, Inc. and Leland Prentice entered into a lease Agreement ("LEASE") the subject of which was equipment to be used in conjunction with the Prentice Process.

## PRENTICE COLOUR INC.'S MOTION TO DISMISS FOR LACK OF *IN PERSONAM* JURISDICTION

In a federal diversity action such as this, the presence or absence of personal jurisdiction is determined according to the law of the state in which the district court sits. *Bloom v. A.H. Pond Co., Inc.*, 519 F.Supp. 1162, 1165 (S.D.Fla.1981). The court must first look to the applicable state long arm statute. *Groome v. Feyh*, 651 F.Supp. 249, 250–51 (S.D.Fla.1986). The Florida Supreme Court recently held that to decide whether *in personam* jurisdiction lies over a foreign defendant courts must determine compliance with both Florida's long arm statute and the constitutional due process test of minimum contacts. *Venetian Salami Co. v. Parthenais*, 554 So.2d 499 (Fla.1989).

Florida Statute Section 48.193 provides in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

\* \* \* \* \* \*

(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

1. The defendant was engaged in solicitation or service activities within this state; or

2. Products, materials, or things processed, serviced or manufactured by

the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade or use.

(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed within this state.

\* \* \* \* \* \*

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

*Fla.Stat.* Section 48.193 (1989).

■ Once the court has determined that jurisdiction is proper under the state long arm statute, it must then consider whether assertion of jurisdiction comports with the constitutional due process requirement. *Williams Electric Co., Inc. v. Honeywell, Inc.*, 854 F.2d 389, 392 (11th Cir.1988); *Groome*, 651 F.Supp. at 254; *Bloom*, 519 F.Supp. at 1171–72.

■ In order to subject a defendant to a judgment *in personam*, due process requires only that the defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). A defendant's conduct and connection with the forum state must be such that he would reasonably anticipate being haled into court there. *World Wide Volkswagon v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). So long as it creates a substantial connection to the forum, even a single act can support jurisdiction. *Id.* at 475 footnote 18.

■ Minimum contacts within the forum may give rise to two types of personal jurisdiction: general or specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15, footnote 8, 9, 104 S.Ct. 1868, 1872, footnote 8, 9, 80 L.Ed.2d 404 (1984). General personal jurisdiction is grounded on the defendant's substantial or "continuous and systematic" contacts with the forum, regardless of whether those contacts are related to the cause of action. *Williams Electric Co. v. Honeywell, Inc.*, 854 F.2d 389, 392, footnote 2 (11th Cir.1988) (citing *Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.*, 792 F.2d 989, 992 (11th Cir.1986)). On the other hand, specific personal jurisdiction is exercised when the suit arises out of or is related to a party's single or isolated contacts with the forum. *Helicopteros*, 466 U.S. at 414 n. 8, 104 S.Ct. at 1872 n. 8 (*Citing* Von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv.L.Rev. 1121, 1144–1164 (1966)).

Plaintiff Leland Prentice alleges in his Complaint that Defendant Prentice Colour, Inc., "is amenable to service of process under Florida's long arm statute by the Defendant having engaged in substantial activity" within the state. Plaintiff sets forth the following allegations in support of that conclusion:

Specifically, the Defendant has engaged in the following activities:

(a) Actively soliciting business in the state of Florida through sales representatives of the Defendant Corporation by having those sales representatives travel to various potential customers located throughout the state of Florida in an effort to market licensing agreements for that certain United States patent known as the 'Prentice Process'.

(b) Actively soliciting business in the state of Florida through sales representatives of the Defendant corporation [by] contacting, via telephone communications, potential customers located throughout the state of Florida in an effort to market licensing agreements for the patent.

(c) Actively soliciting business in the state of Florida through sales represent-

atives of the Defendant corporation by contacting, via United States mail, potential customers located throughout the state of Florida in an effort to market licensing agreements for the patent.

(d) Actively soliciting business in the state of Florida through sales representatives of the Defendant corporation by contacting, via seminars conducted in the state of Florida, potential customers located throughout the state of Florida in an effort to market licensing agreements for the patent.

(e) Leasing equipment delivered to the state of Florida and utilized in the state of Florida and filing security interests over such equipment with the Secretary of State for the state of Florida and subsequently failing to deliver title to said leased equipment to the Plaintiff in the state of Florida upon the Plaintiff's exercise of his option to purchase said equipment at the expiration of said lease.

(f) Agreeing to make payments to the Plaintiff in the state of Florida under that certain licensing agreement more fully described below and making payments under that agreement to the Plaintiff in the state of Florida and by breaching that agreement by failing to make payments in full to the Plaintiff in the state of Florida.

■ Plaintiff's burden in alleging personal jurisdiction is "to plead sufficient material facts" to establish basis for exercise of such jurisdiction. *Bloom* at 1168. The Eleventh Circuit has also stated;

"First, the plaintiff must allege sufficient facts in his complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a *prima facie* showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transport*, 795 F.2d 968 (11th Cir.1986) (*citing Electro Engineering*

*Products Co., Inc. v. Lewis*, 352 So.2d 862 (Fla.1977)).

The first question therefore is whether the Plaintiff has alleged sufficient contacts with the forum to support the exercise of personal jurisdiction, either general or specific, under Florida's long arm statute.

Plaintiff's Burden

■ In order to prevail upon a motion contesting jurisdiction, plaintiff need only make a *prima facie* showing that jurisdiction exists. *DeLong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir.1988). A *prima facie* case of personal jurisdiction over a nonresident defendant is established if plaintiff presents enough evidence to withstand a motion for directed verdict, and the district court must accept facts as alleged in the complaint as true, to the extent they are uncontroverted by defendant's affidavits. *Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990).

In other words, a *prima facie* case is the evidence necessary to require the defendant to proceed with his case. *White v. Abrams*, 495 F.2d 724, 729 (9th Cir.1974).

■ For purposes of substantiating personal jurisdiction, a defendant's contacts may be alleged as either related (single or isolated contacts) or unrelated (significant contacts) to the cause of action. *Helicopteros*, 466 U.S. at 413, footnote 8, 9, 104 S.Ct. at 1872, footnote 8, 9.

## I. GENERAL JURISDICTION

■ In cases of general jurisdiction the state has, as a matter of sovereignty, the power to call before its courts those persons, who, by their continuous and systematic contacts, are considered *present* within its territory. *See Helicopteros*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404.

The United States Supreme Court has not as of yet provided any systematic methodology for analyzing general jurisdiction problems. What is certain is that although minimum contacts suffice in and of themselves for specific jurisdiction, the standard for general jurisdiction is considerably more stringent. *Glater v. Eli Lilly & Co.*,

744 F.2d 213 (1st Cir.1984). Moreover, Florida's long arm statute requires more activities or contacts to confer personal jurisdiction over a foreign defendant than those demanded by the due process clause. *Williams Electric Co., Inc. v. Honeywell, Inc.*, 854 F.2d 389 (11th Cir.1988).

Reading the Complaint in the light most favorable to Plaintiff, the allegations going to general jurisdiction are indicated above as (a)-(d) and allege various types of solicitation by the Defendant in this forum. No activities other than "actively soliciting business" are alleged which could support general jurisdiction. Nor does Plaintiff indicate at what point in time these acts began and when, if at all, they ceased. All other jurisdictional allegations are offered by Plaintiff as *relating to* the litigation (specific jurisdiction) and will be addressed below. Plaintiff does not assert that this cause of action arose from the alleged solicitation efforts of Defendant.

## A. *Florida Statute Section 48.193(2)*

■ This subsection addresses personal jurisdiction where a defendant is engaged in substantial and not isolated activity within the state. Plaintiff has provided no authority upon which his claims of general jurisdiction can be based, but has alleged that Defendant has "engaged in substantial activity in the state." Such an allegation tracks the language of Section 48.-193(2). Facts similar to the ones in this case have not been directly addressed by this Court or the Eleventh Circuit; however the caselaw both federally and from the Florida courts does not evince any willingness or rationale to find solicitation activities alone sufficient grounds for the assertion of general jurisdiction.

In *Congoleum Corporation v. DLW Aktiengesellschaft*, 729 F.2d 1240 (9th Cir. 1984), plaintiff Congoleum conceded that its claims against DLW were unrelated to DLW's activities in the forum. That complaint alleged, *inter alia*, breach of a licensing agreement. The activities of DLW's hired consultant in the forum consisted of solicitation of orders, the recommendation of other sales agents, the order-

ing of samples, the promotion of DLW products to potential customers through the mail and through a showroom display in the forum, and attendance at trade shows and sales meetings.

In refusing to find general personal jurisdiction, the *Congoleum* court noted that, "[N]o court has ever held that the maintenance of even a substantial sales force within the state is the sufficient contact to assert jurisdiction in an unrelated cause of action." *Id.* at 1242. *See also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330–31 (9th Cir.1984) (no general jurisdiction over defendants despite several visits and purchases in forum, solicitation of contract in forum which included choice of law provision favoring forum, and extensive communication with forum) *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985). In an unrelated cause of action, a defendant's contacts must be *significant* rather than minimal. *See Helicopteros*, 466 U.S. at 413, 104 S.Ct. at 1871.

Sporadic newsgathering by reporters on special assignment and solicitation of small amounts of advertising do not constitute continuous and systematic activities within the forum but at most a casual *presence* therein. *Buckley v. The Florida Times–Union*, 338 F.2d 470 (5th Cir.1964).

The 'continuous and systematic requirement' was not met in the First Circuit notwithstanding that a defendant was licensed to do business in the forum, had an appointed agent for service of process, and had advertised in the forum for laborers. *Sandstrom v. Chemlawn Corp.*, 904 F.2d 83 (1st Cir.1990). A defendant who employed several salesmen and thereby transacted business in the forum state, disseminated product information, advertised in the forum by mail and otherwise, and took orders was not constitutionally subject to general personal jurisdiction in *Seymour v. Parke, Davis & Co.*, 423 F.2d 584 (1st Cir.1970).

In light of the authority, the nature of the present allegations and the fact that Plaintiff has not described a duration or a quantitative extent of Defendant's activities, the acts alleged cannot be deemed as

engaging in business continuously or systematically. Hence, the contacts as alleged are not substantial.

### B. *Florida Statute 48.193(1)(f)*

■ These same allegations must also fail under subsection (1)(f). The Florida long arm statute mentions solicitation only once as an activity capable of conferring personal jurisdiction. Subsection (1)(f) appears to be the authority that Plaintiff relies upon in his attempt to characterize Defendant's solicitation activities as substantial but unrelated to the litigation. Such a characterization by Plaintiff is problematic inasmuch as subsection (1) refers exclusively to causes of action *"arising from* the doing of any of the following acts:" *emphasis added.*

In *Aetna Life and Casualty Co. v. Therm–O–Disc, Inc.,* 511 So.2d 992 (Fla. 1987), the Florida Supreme Court examined the issue of whether subsection (1)(f) permits jurisdiction to be obtained over non-residents for acts arising outside the state which cause financial injury within the state when no personal injury or physical property damage has occurred. The Court held that the provisions of subsection (1)(f) do not apply to situations in which only *economic* damages are suffered within the state.

*Aetna* was then cited by our Eleventh Circuit for the same principle. *Sun Bank v. E.F. Hutton, Inc.,* 926 F.2d 1030 (11th Cir.1991). "The Florida Supreme Court has decided that a purely economic injury of the sort alleged in this case is insufficient to confer jurisdiction over a defendant under s. 48.193(1)(f)." *Id.* at 1033.

■ The Court notes that Plaintiff has alleged no personal injury or property damage, but only breach of contract. There is therefore no personal jurisdiction under Section 48.193(1)(f) on the basis of Defendant "actively soliciting business" within this state.

For the foregoing reasons the Court finds that Plaintiff's allegations as to general jurisdiction are insufficient on their face and therefore does not reach the merits of Defendant's argument on this point.

## II. SPECIFIC JURISDICTION

■ As discussed above, a plaintiff failing to establish a defendant's continuous and systematic contacts with the forum may nonetheless obtain personal jurisdiction over an out of state defendant if contacts exist which gave rise to the action.

### A. *Florida Statute Section 48.193(1)(g)*

■ In attempting to show specific jurisdiction, Plaintiff Prentice alleges that Defendant Prentice Colour, Inc., breached a contract to be performed in the forum state. Plaintiff incorporates by reference exhibits purportedly evidencing the agreements between the parties. This Court is of the opinion that by doing so, Plaintiff allows for the exhibits to be examined as part of the allegations. Yet, nowhere in the exhibited contract or contract amendments is it mentioned or inferred that the agreements were to be performed in a location differing from the Plaintiff's residence at that time, the State of Texas.

■ Further, as to the existence of an *implicit* agreement this Court finds *DeMetra Hontzas v. Kaufman, Rossin & Co.,* 513 So.2d 745 (Fla. 3d DCA 1987), persuasive. There, a Florida accounting firm's implicit understanding with Alabama clients to send payments to Florida, together with explicit understanding that the agreement between the parties was governed by Florida law, were insufficient to establish long arm jurisdiction over Alabama clients. *Id.* at 746. Under the facts in this case, an implicit agreement between the parties is similarly insufficient to establish long arm jurisdiction.

As to the present allegations of an explicit agreement, a jurisdictional claim stating one thing and referenced to exhibits showing just the opposite appears constitutionally infirm. Nevertheless, Plaintiff has been given the benefit of the doubt as to these allegations, accordingly the burden then shifts to the Defendant.

The issue becomes whether Defendant has made a *prima facie* showing of inapplicability of the statute.

## Defendant's Burden

Florida courts consider both sworn affidavits together with the pleadings in deciding whether a defendant has met his burden in this regard. "[U]pon examination of pleadings and papers.... The motion to dismiss and the evidence adduced in the sworn affidavit in support thereof established a *prima facie* showing" by defendant. *Atlas Aircraft Corp. v. Buckingham,* 302 So.2d 163 (Fla. 4th DCA 1974).

To establish *in personam* jurisdiction, the Plaintiff has the burden of pleading sufficient material facts to form a basis for such jurisdiction. If the defendant sufficiently challenges plaintiff's assertion by way of affidavits *or other pleading,* the plaintiff must then affirmatively support its jurisdictional assertions and may not merely rely on the allegations of the complaint. *Murphy v. Republic Health Corp.,* 645 F.Supp. 124 (S.D.Fla.1986), *emphasis added.*

In *Polskie Linie Oceaniczne v. Seasafe Transport A/S,* 795 F.2d 968 (11th Cir. 1986), the showing was made by the submission of an affidavit by a corporation President stating facts which indicated that the person upon whom the plaintiff effected service of process was not the defendant's agent at the time of service. That affidavit, indicating service was never effected upon the correct party, was sufficient to shift the burden back to the plaintiff to come forth with its own affidavits or other competent proof. *Id.* at 972.

Defendant in its original motion to dismiss contended that Plaintiff Leland Prentice had filed this action in the wrong court. In support of its position and in response to Plaintiff's allegations, Defendant Prentice Colour, Inc., argues the following in its memorandum in support of motion to dismiss as it pertains to contacts *related to* the cause of action:

1. Leland T. Prentice's current residence in Florida does not create 'minimum contacts' sufficient to hale Prentice Colour into this forum. Leland Prentice retired here only after all the relevant contracts were executed in Texas.

2. There are only three contacts with Florida: Prentice Colour's isolated sale of its product to a single Florida resident via-a-via [sic] an out-of-state trade show, Leland Prentice's unilateral decision to retire to Florida, and Prentice Colour's required filing of security interests in property which Leland T. Prentice brought with him to Florida from Texas.

3. Those security interests are not even remotely relevant to the first two claims and are only tangentially related to the third.

4. [T]hese isolated contacts do not support exercise of 'specific jurisdiction' over Prentice Colour.

5. This litigation is entirely unrelated to the single, isolated sale in Florida.

6. The parties' course of dealing and prior negotiations unambiguously indicate that they intended to perform these alleged contracts in Texas.

7. Prentice Colour certainly could not foresee that its execution of agreements with a Texas resident could spawn contract litigation in Florida.

In Defendant's memorandum in support of motion for reconsideration it contends that:

8. Payments pursuant to the contract were to be made to Plaintiff, who at the time of contracting was a Texas resident;

9. Defendant's contact with the Plaintiff at all relevant times was in the State of Texas;

Two sworn affidavits were provided by defendant; however, only one affidavit, that of Gary J. Van Ooteghem, offers statements relating in some way to the issue at hand. The affiant states in pertinent part:

A. All of the documents attached as exhibits to Leland Prentice complaint were negotiated, signed, and executed in Texas.

B. Prentice Colour, Inc. consummated only a single sale in the State of Florida as a result of a seminar given by Prentice Colour, Inc., outside the State of Florida. This isolated sale is unrelated to any damages the Plaintiff allegedly suffered pursuant to his Complaint in the above styled cause.

In the context of a contract which was allegedly defendant's contact with the forum, the Supreme Court held, "It is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposely established minimum contacts within the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■■■ According to the pleadings and affidavits filed in this cause, Plaintiff and Defendant negotiated and entered into the agreements in Texas. Having executed one contract, two amendments thereto, and one lease agreement over a period of almost four years, the parties, who were both undisputedly Texas residents during that time, established a course of dealing with regard to place of payment. Defendant claims no control over Plaintiff's later decision to move to Florida. Furthermore, the agreements show no indication that Defendant could have contemplated at the time of contracting that it would later be necessary to defend itself in another forum.

If, as sworn in Defendant's affidavit, the agreements were negotiated, signed and executed in Texas and, as neither side disputes, both parties resided in Texas at the time of contracting, and since both parties rely upon and point to the exhibited documents as evidence of their agreements, which documents in no way hint at the existence of an obligation to make payments in Florida, then the Defendant's affidavit and pleadings are sufficient to shift the burden back to Plaintiff.

The Court finds that based upon Defendant Prentice Colour, Inc.'s responses to Plaintiff's allegations, the Defendant's burden has been met, specifically that Defendant has refuted by pleadings and by sworn statement any contractual obligation regarding payment to Plaintiff in this state. The burden shifts back to Plaintiff to provide proof of the jurisdictional allegations.

The final issue is whether Plaintiff Leland Prentice has sufficiently met his burden of coming forward with the evidence.

The obligation of the plaintiff is not simply to raise a possibility of jurisdiction, but rather to establish jurisdiction with affidavits, testimony or documents. It is incumbent upon the plaintiff to make the grounds for jurisdiction appear. *Hyco Manufacturing Co. v. Rotex International Corp.*, 355 So.2d 471 (Fla. 3d DCA 1978); *See also Polskie Linie Oceaniczne v. Seasafe Transport*, 795 F.2d 968 (11th Cir. 1986).

Florida courts require substantial proof before extending *in personam* jurisdiction over nonresident defendants. *Moltz v. Seneca Balance, Inc.*, 606 F.Supp. 612, 615 (S.D.Fla.1985).

Plaintiff's position in this case is that because the Defendant did not sustain its burden "there is no need for the Plaintiff to do anything beyond relying upon the well plead jurisdictional allegations of the Complaint." Upon that, Plaintiff failed to submit to this Court proof by way of affidavits substantiating his jurisdictional claim as to the situs of performance of the alleged contract's terms.

Plaintiff has submitted to this Court two affidavits which are resoundingly silent as to the issue of performance in Florida of the contract terms. By no reading of these documents has Plaintiff met this burden. Affiant Stephen C. Prentice states only;

1. That he is Stephen C. Prentice and the matters contained herein are based upon his personal knowledge.

2. The he was president of Prentice Colour, Inc., the defendant in the above styled proceedings, during the period of 1984 through 1985.

3. That as president of Prentice Colour, Inc., he was also involved in efforts to solicit business for Prentice Colour, Inc.

4. That during his presidency of Prentice Colour, Inc., he made at least one personal trips [sic] to the state of Florida, made numerous telephone calls to the state of Florida and mailed numerous letters to the state of Florida, all for the purposes of contacting potential custom-

ers located throughout the state of Florida in an effort to market licensing agreements for that certain United States patent known as the 'Prentice Colour Process'.

5. That he personally represented Prentice Colour, Inc., in holding a seminar demonstrating the 'Prentice Colour Process' in Fort Lauderdale, Florida during, to the best of his belief, the year 1986.

Affiant George Prentice states;

1. That he is George Prentice and the matters contained herein are based on his personal knowledge.

2. That he was formerly a salesperson for Prentice Colour, Inc., the defendant in the above styled proceedings.

3. That he was employed as a salesperson for Prentice Colour, Inc., from the proximate period of 1985 through 1986.

4. That in his capacity as salesperson for Prentice Colour, Inc., he made several personal trips to the state of Florida, made numerous telephone calls to the state of Florida and mailed numerous letters to the state of Florida, all for purposes of contacting potential customers located throughout the state of Florida in an effort to market licensing agreements for that certain United States patent known as the 'Prentice Colour Process'.

5. That his personal trips to the state of Florida to solicit said potential customers included trips to the Tampa/St. Petersburg area.

It is clear from these statements, indicated here in their entirety, that Plaintiff does not address the alleged existence of an obligation to make payments within the state of Florida, a necessary component of his case. According to Plaintiff's own proof, the only contacts with this forum were telephone calls, mail and "several personal trips" by a salesman over a one year period ending in 1986; and telephone calls, mail and "at least one" personal trip by the company president over a one year period ending in 1985, and participation in one seminar in 1986.

Because Plaintiff has provided no proof by means of affidavit or otherwise of the alleged contract terms upon which he asks this Court to base a finding of personal jurisdiction, this Court declines to make such a finding.

■ The Court has not overlooked Plaintiff's contention that jurisdictional contact with this forum was created by the filing of security interests over equipment which was the subject of an agreement between the parties. According to the Complaint, these filings relate only to what Plaintiff himself characterizes as a "pendent" state claim not meeting the requirements of subject matter jurisdiction but having a nexus to counts I and II. As such, the act of filing does not create jurisdiction on its own. Yet, Plaintiff has alleged the acts of filing security interests as "subjecting [Defendant] to the jurisdiction of the courts of the state of Florida". Construing this discrepancy in the light most favorable to the Plaintiff, the court examines this allegation as one alleged to have related to the other two counts which are not pendent.

■ As to the alleged actions of Defendant Prentice Colour, Inc., in the present case and under these facts, this Court is persuaded by *Milberg Factors Inc. v. Greenbaum,* 585 So.2d 1089 (Fla. 3d DCA 1991), which holds that the filing of Uniform Commercial Code financing statements in Florida by an out of state defendant to protect its security interests does not constitute a voluntary or purposeful effort to do business in Florida. Likewise Plaintiff, in making the allegation of filing, has not alleged a fact sufficient to provide grounds for the exercise of personal jurisdiction over Defendant Prentice Colour, Inc.

Even if the jurisdictional requirements of Florida's long arm statute had been satisfied, this Court would then be compelled to ensure that the due process requirements as set forth by the United States Supreme Court had likewise been met. *Worldwide Volkswagon v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Since the

Florida long arm jurisdictional requirements have not been met for either general or specific personal jurisdiction, a due process analysis is unwarranted.

MOTION TO TRANSFER

 Defendant has moved as an alternative to dismissal to transfer this matter to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. Section 1404(a). That section provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. Section 1404(a), 1976.

Defendant makes its argument under the doctrine of *forum non conveniens;* however, with personal jurisdiction lacking, the doctrine of *forum non conveniens* cannot apply. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("the doctrine of forum non conveniens can never apply if there is absence of jurisdiction"). The facts and arguments presented by the parties indicate that Texas would be the appropriate forum in which to bring this action. The Court reiterates that there is complete diversity of citizenship between the parties. Defendant is a Texas corporation; the agreements between the parties were negotiated and executed in Texas, and the agreements expressly require the application of Texas law.

CONCLUSION

The Court has found that Plaintiff did not make a *prima facie* showing of general jurisdiction under the Florida long arm statute, did make a *prima facie* showing of specific jurisdiction, which was then overcome by Defendant's affidavits refuting same, and that thereupon Plaintiff failed to meet his burden of going forward with the evidence. Accordingly it is

ORDERED that Defendant's motion for reconsideration is GRANTED and that the Order denying Defendant's motion to dismiss for lack of *in personam* jurisdiction; denying motion to transfer venue; denying motion to dismiss count II for lack of subject matter jurisdiction; denying motion to dismiss count I; denying motion for a more definite statement; denying motion to dismiss count II; denying motion to strike Complaint; and denying motion to dismiss count III is hereby VACATED. Defendant's motion to dismiss for lack of *in personam* jurisdiction is DENIED. Defendant's motion to transfer this cause to the Southern District of Texas is GRANTED; motion to dismiss count I is DENIED as moot; motions to dismiss count II are DENIED as moot; and motion to dismiss count III is DENIED as moot.

DONE and ORDERED.