POWERCERV TECHNOLOGIES
CORPORATION INC.,
Plaintiff,

v.

OVID TECHNOLOGIES,
INC., Defendant.

No. 97–1700–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 13, 1998.

David Barnett Weinstein, Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, FL, for Plaintiff.

Charles Paul Schropp, Shirley Thompson Faircloth, Schropp, Buell & Elligett, P.A., Tampa, FL, for Defendant.

### *ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER*

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendant Ovid Technologies, Inc.'s motion to dismiss the Plaintiff PowerCerv Technologies Corporation's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 28 U.S.C. § 1404(a) for lack of *in personam* jurisdiction or in the alternative motion to transfer venue to the United States District Court for the District of Utah (Docket Nos. 3 & 8). A response (Docket No. 18) has been filed and the defendant has filed a timely reply (Docket No. 26). This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds the sum of fifty thousand dollars ($50,000.00).

### *FACTS*

Plaintiff in this action is a Florida corporation with its principal place of business located in the State of Florida. Defendant is a Delaware corporation, with its principal place of business in the State of New York, which maintains a facility in Murray, Utah. Defendant entered into various agreements with Plaintiff beginning in November 1995.

On November 27, 1995 Plaintiff, Power-Cerv Technologies Corporation [hereinafter PowerCerv] and Defendant, Ovid Technologies Inc., [hereinafter Ovid] executed an agreement entitled 'Software License Agreement' ("November 1995 Agreement") pursuant to which PowerCerv was to provide Ovid with licensed computer software, implementation services, and custom programming services. They then entered into a Comprehensive License, Maintenance and Services Agreement ("December 1995 Agreement") dated December 22, 1995. In August of 1996, they entered into a Statement of Work where PowerCerv provided Ovid with additional services. On March 31, 1997, they amended the November 1995 and December 1995 Agreements to incorporate the Software Products, Services and Support.

### *STANDARD OF REVIEW*

■ In order to subject a defendant to a judgment *in personam,* plaintiff must make a *prima facie* showing that jurisdiction exists by presenting enough evidence to withstand a motion for directed verdict. *Prentice v. Prentice Colour, Inc.,* 779 F.Supp. 578, 583 (M.D.Fla.1991). If the plaintiff pleads enough facts to state a *prima facie* basis for personal jurisdiction, the burden then shifts to the defendant to show that the long arm statute is inapplicable. *Id.* If the defendant sustains this burden, the plaintiff must then support its jurisdictional assertions by affidavits and cannot merely rely on the factual allegations of the complaint. *Id.*

■ Due process requires that the defendant have certain minimum contacts with the forum such that the maintenance of the

suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "A defendant's contacts may be alleged as either related (single or isolated contacts) or unrelated (significant contacts) to the cause of action". *Prentice v. Prentice Colour, Inc.,* 779 F.Supp. 578, 583 (M.D.Fla.1991) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984)).

### *DISCUSSION*

Plaintiff wants this Court to assert personal jurisdiction over the defendant, pursuant to Florida's long-arm statute section 48.193, which provides for jurisdiction over causes of action arising from certain acts or transactions which are either done within the state of Florida or which have effects in Florida. In particular, plaintiff states three separate bases in its complaint for the Court's exercise of personal jurisdiction, pursuant to:

(1) Florida Statutes § 48.193(1)(a) providing for *in personam* jurisdiction if defendant operates, conducts, engages in, or carries on a business ... in this state;

(2) Florida Statutes § 48.193(1)(g) providing that any person, whether or not a citizen or resident of this state, submits himself to the jurisdiction of the courts of this state for any cause of action arising from breaching a contract in this state by failing to perform acts required by the contract to be performed in this state;

(3) Florida Statutes § 48.193(2) providing for jurisdiction if defendant engages in substantial and not isolated activity within the state.

■ Plaintiff contends that the defendant entered into one or more contracts in Florida. In support of this allegation, PowerCerv contends that the subject contracts were accepted and executed in Tampa, Florida by PowerCerv's authorized officers. However, Ovid successfully refutes this allegation by affidavits which show that PowerCerv's salesperson who was assigned to Ovid's account, at the time, negotiated the Software License Agreement as well as the Comprehensive Maintenance and Services Agreement with Ovid outside of the state of Florida. PowerCerv's salesperson traveled to Utah on a number of occasions to negotiate the agreements and inspect the site. The agreements were executed by Ovid's representative in New York, who sent them to PowerCerv's agent located in San Francisco, who then sent the same to Florida for approval. Nothing in the complaint suggests that Ovid dealt directly with PowerCerv's office in Tampa, Florida, except that PowerCerv's representative in San Francisco sent the agreements to Florida for approval. Ovid provided affidavits to show that no representatives of Ovid dealt directly with the Tampa office, but instead continued to deal with representatives of PowerCerv located in the west coast even after they were displeased with the services some of these representatives provided to them.

These facts differ from the *Burger King* case where the company's headquarters engaged in preliminary agreement with the defendants and required them to attend management courses in the state where the company's headquarter was located. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 468, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The *Burger King* Court found that the defendants had received fair notice of the possibility of suit in the company's state of residence. *Id.* at 490. Unlike the defendants in the *Burger King* case, Ovid lacked notice of the possibility of suit in Florida.

■ Plaintiff's contention that Defendant Ovid breached a contract to be performed in this state is also without merit. In support of this allegation, Plaintiff submitted affidavits to show that PowerCerv provided software and product support services from its Tampa, Florida office. While it appears that Ovid may have ordered equipment or received some technical assistance by phone from PowerCerv's Tampa office, the real issue for purposes of determining personal jurisdiction concerns other considerations such as prior negotiations, contemplated future consequences, and the parties course of dealing. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105, S.Ct. 2174, 85 L.Ed.2d 528 (1985).

The prior negotiations between the parties all took place in Utah as discussed earlier. Both parties contemplated that the computer

programming services were to be provided in the state of Utah. In fact, PowerCerv established a Seattle, Washington Software Factory specifically to service Ovid's facility in Murray, Utah. PowerCerv acknowledges that the initial negotiations and the computer programming services provided to Ovid took place in Utah and Washington State. As plainly stated in *Prentice v. Prentice*, 779 F.Supp. 578 (M.D.Fla.1991), nowhere in the contract or its amendments is it mentioned that the agreements were to be performed in a location different then the Defendant's facility in State of Utah.

As to the implicit agreement that the payments were to be sent to PowerCerv at its Florida location, together with the explicit understanding that Florida law governed the agreement between the parties, the *Prentice* case makes it clear that such agreements are insufficient to establish long arm jurisdiction. *Id.* at 585. Moreover, the alleged breach of contract concerning two former PowerCerv's workers going to work for Ovid occurred in Utah.

■ Plaintiff alleges that Defendant operated, conducted, engaged in and carried on business within the State of Florida and engaged in substantial and not isolated activities in Florida because of its business contacts with the State. Plaintiff supports this allegation with an estimate of Ovid's customers located in Florida as well as the estimated sales Ovid derives from this State. Ovid provided affidavits to show that it has no employees, officers, or property in Florida. Furthermore, Ovid's advertising in the State of Florida or the sales that PowerCerv mentioned are unrelated to the alleged breach of contract. As this Court held in *Structural Panels v. Texas Aluminum Industries*, 814 F.Supp. 1058 (M.D.Fla.1993), low percentage sales of unrelated products in the state are insufficient to confer general jurisdiction over a defendant under section 48.193(2). Ovid's activities in the State of Florida "cannot be considered as 'purposefully directed' to the State of Florida such that it would expect to be haled into court in Florida." *Id.*

■ Defendant moved as an alternative to dismissal to transfer this action to the United States District Court for the District of Utah pursuant to 28 U.S.C. Section 1404(a). In support of its argument, Defendant argues that Utah is the most convenient forum for the parties and the witnesses involved. However, the doctrine of *forum non conveniens* cannot apply if there is absence of jurisdiction. *Prentice v. Prentice Colour, Inc.*, 779 F.Supp. 578 (M.D.Fla.1991). The facts and argument presented by the parties indicate that Utah would be the appropriate forum in which to bring this action. All of the negotiations took place outside of the State of Florida, and the parties intended that the promises made in the contract would primarily be executed in Murray, Utah, where Ovid's facility is located. This is evidenced by the fact that PowerCerv established a facility in Seattle, called the Washington Software Factory created especially to service Ovid's facility in Murray, Utah. Ovid's contacts with the State of Florida are unrelated to the alleged breach of contract which gave rise to this cause of action. Furthermore, Ovid does not maintain employees, officers, or property within the State of Florida.

### CONCLUSION

The Court has found that Plaintiff did not make a *prima facie* showing of personal jurisdiction under the Florida long arm statute. Accordingly, it is

**ORDERED** that Defendant's alternative motion to transfer this cause to the District of Utah (Docket No. 3) be **granted**; the motion to dismiss (Docket No. 3) be **denied** as moot; and the Clerk of the Court be **directed** to transfer this case to the United States District Court for the District of Utah, Central Division.