Dennis LAUZON, Plaintiff,

v.

JOSEPH RIBKOFF, INC. Defendant.

No. 98–1333–CIV–GRAHAM.

United States District Court,
S.D. Florida.

May 10, 1999.

John Bruce Ostrow, John B. Ostrow PA, Miami, FL, for Plaintiff.

Ronald I. Strauss, Strauss Schomber & Williams, Coconut Grove, FL, John Cyril Malloy, III, Andrew William Ransom, Malloy & Malloy, Miami, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION, VACATING ORDER DENYING DEFENDANT'S MOTION TO DISMISS, GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF IN PERSONAM JURISDICTION, AND CLOSING CASE

JOHNSON, United States Magistrate Judge.

THIS CAUSE is before the Court on Defendant Joseph Ribkoff, Inc.'s Motion

for Reconsideration of Order Denying Defendant's Motion to Dismiss for Lack of In Personam Jurisdiction and Motion to Quash Service of Process (D.E.# 26 ) and on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (D.E.# 13). These matters were referred to this Court by the Honorable Donald L. Graham, United States District Judge for the Southern District of Florida, after the parties consented to trial before the undersigned United States Magistrate Judge. In view of said consent, the above-stated motions shall be disposed of by order rather than by report and recommendation. For the following reasons, this Court vacates its previous Order denying Defendant's Motion to Dismiss and enters the within order granting Defendant's Motion to Dismiss for lack of *in personam* jurisdiction.

### BACKGROUND

This action has been instituted by Plaintiff, Dennis Lauzon ("Lauzon") against Defendant, Joseph Ribkoff, Inc. ("Ribkoff"), a Canadian Corporation, for infringement of copyright pursuant to 17 U.S.C. § 407. Plaintiff has brought this suit for an alleged copyright violation stemming from Defendant's allegedly unauthorized use of photographic pictures taken by Plaintiff. The Complaint alleges that the use went beyond the scope of the limited usage rights that had been purchased from Plaintiff by Defendant, allowing the photographs to be used in a Fall 1997 catalogue. Compl. ¶ 8. The Complaint further alleges that Defendant exceeded the scope of the limited usage rights by causing the photographs to be posted on the internet and other places not contained in the limited usage agreement. Compl. ¶ 13.

Regarding jurisdiction, the Complaint makes only the most barebones of allegations. The Complaint alleges that Ribkoff is a foreign corporation doing business in the state of Florida. Compl. ¶ 4. And that Ribkoff entered into a contract by accepting the photographic pictures and the accompanying invoice/license of rights. Compl. ¶ 7. Previously, Defendant filed a motion to dismiss the Complaint on the basis personal jurisdiction was lacking. In response to Defendant's motion, Plaintiff had attached the Affidavit of Dennis Lauzon, the Plaintiff herein, stating that Defendant had at all material times maintained an agent in Florida. Lauzon Aff. ¶ 3. The Affidavit was uncontested in that Defendant neither filed a controverting affidavit of its own nor even filed a reply memorandum in opposition to Plaintiff's response. In view of the uncontroverted nature of the Affidavit the undersigned was constrained to deny the Motion to Dismiss. Presently, Defendant has filed a Motion for Reconsideration of our Order denying the Motion to Dismiss. By the instant Order the undersigned grants Defendants Motion for Reconsideration and in so doing vacates our previous Order denying the Motion to Dismiss and enters an Order granting the Motion to Dismiss finding personal jurisdiction over Defendant Ribkoff lacking.

### LEGAL ANALYSIS

Ribkoff challenges the Court's exercise of personal jurisdiction over it pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Based upon a review of the pleadings, affidavits, and pertinent case law, the undersigned concludes that the exercise of personal jurisdiction over Ribkoff is unwarranted.

Where, as here, the Court does not conduct a discretionary hearing on a motion challenging the district's court's exercise of personal jurisdiction, the plaintiff must establish a *prima facie* case of personal jurisdiction over the non-resident defendant by presenting "sufficient evidence to defeat a motion for a directed verdict." *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 626 (11th Cir.1994); *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). In determining whether such *prima facie* case has been established, the court must accept the facts alleged in plaintiff's complaint as true, to the extent

they are not controverted by defendant's affidavits. *Cable/Home Communication,* 902 F.2d at 855. Where the evidence conflicts, the district court is required to view all reasonable inferences in plaintiff's favor. *Id.; U.S. S.E.C. v. Carrillo,* 115 F.3d 1540 (11th Cir.1997) (holding in event that plaintiff's complaint and defendant's affidavit conflict, the court must construe all reasonable inferences in favor of plaintiff).

Once the plaintiff pleads sufficient material facts to support the exercise of *in personam* jurisdiction, the burden shifts to the defendant to challenge the plaintiff's allegations by affidavits or other competent evidence. *Prentice v. Prentice Colour, Inc.,* 779 F.Supp. 578, 585–586 (M.D.Fla.1991). If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the Complaint by affidavits or other competent proof, and not merely reiterate the factual allegations contained in the complaint. *Id.* at 586; *Murphy v. Republic Health Corp.,* 645 F.Supp. 124 (S.D.Fla. 1986).

To determine whether personal jurisdiction over a non-resident defendant may be exercised, the district court must engage in a two-part analysis. The court must first determine whether the state long-arm statute permits assertion of jurisdiction and, second, whether sufficient "minimum contacts" exist to satisfy the due process requirements of the Fourteenth Amendment so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice" under *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990); *Alexander Proudfoot Co. v. Thayer,* 877 F.2d 912, 919 (11th Cir.1989). Both prongs of this two-part test must be satisfied in order for a court to assert personal jurisdiction over a non-resident defendant. *Madara,* 916 F.2d at 1514.

There are two types of personal jurisdiction: general and specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408 at 414–15 n. 8, 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction arises as a result of a party's substantial or "continuous and systematic" contacts with the forum state that are unrelated to the litigation. *Perkins v. Benguet Consol. Min. Co.,* 342 U.S. 437, 438, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Williams Elec. Co. v. Honeywell, Inc.,* 854 F.2d 389, 392 n. 2 (11th Cir.1988) (citing *Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.,* 792 F.2d 989, 992 (11th cir.1986)). Specific jurisdiction, on the other hand, is exercised when the suit arises out of or is related to a party's single or isolated contacts with the forum. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. 1868. While there exists no clear methodology for analyzing general jurisdictional problems "[w]hat is certain is that although minimum contacts suffice in and of themselves for specific jurisdiction, the standard for general jurisdiction is considerably more stringent." *Prentice v. Prentice Colour, Inc.,* 779 F.Supp. 578, 583–84 (M.D.Fla.1991) (citing *Glater v. Eli Lilly & Co.,* 744 F.2d 213 (1st Cir.1984)). Moreover, jurisdiction under Florida's long-arm statute requires greater activities or contacts than those demanded by the due process clause. *Williams Electric Co.,* 854 F.2d at 389.

This Court turns first to the state's long-arm statute. The reach of the Florida long-arm statute is a question of Florida law, thus, the court must construe it as would the Florida Supreme Court. *Madara,* 916 F.2d at 1514; *Cable/Home Communication,* 902 F.2d at 856. Florida's long-arm statute "is strictly construed, and the person invoking jurisdiction under it has the burden of proving facts which clearly justify the use of this method of service of process." *Oriental Imports & Exports v. Maduro & Curiel's,* 701 F.2d 889, 891 (11th cir.1983) (citing *Bank of Wessington v. Winters Gov't Securities Corp.,* 361 So.2d 757, 759 (Fla. 4th DCA 1978); *Elmex Corp. v. Atlantic Fed-*

*eral Sav. and Loan Ass'n,* 325 So.2d 58, 61 (Fla. 4th DCA 1976)).

In the case *sub judice* Plaintiff relies on subsection 1(a) of the Florida Long Arm Statute, Fla. Stat. § 48.193. Subsection 1(a) of Fla. Stat. § 48.193 provides as follows:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

For the following reasons this Court finds the assertion of jurisdiction over this defendant inappropriate under Florida's long arm statute.

[11] Relevant to jurisdiction the Complaint makes only one allegation: that "[a]t all times material … [Defendant] was a foreign corporation doing business in the state of Florida." Compl. ¶ 4. The uncontroverted evidence, however, shows that Defendant is a foreign corporation, not licensed or otherwise authorized to do business in Florida, that its goods are manufactured outside of the United States and re-sold by wholly independent contractors, that it has never directly sold its products in Florida, does not operate, conduct, engage in, or carry on, a business venture within the State of Florida, has no office or agency in Florida, and has no officers, affiliates, employees or agents in Florida. Assaf Aff. attached as Exhibit "B" to Defendant's Motion for Reconsideration. In view of the affidavit submitted, the burden shifts to the Plaintiff to affirmatively support the allegation contained in his Complaint. Plaintiff has failed to meet his burden. In support of the allegation contained in his Complaint, Plaintiff has submitted a self-serving affidavit filed by Plaintiff himself. In his affidavit, Plaintiff attests to the fact that he has personal knowledge that Defendant has a South Florida sales agent or distributor by the name of Kenneth Eskin located at 777 N.W. 72nd Avenue in Miami, Florida. Lauzon Aff. ¶ 3. Mr. Lauzon goes on to state that Defendant ships its fashions to South Florida, including the fashions Plaintiff photographed in Miami which are the subject of this suit; that Defendant published the alleged infringing photographs on the internet in the form of an electronic catalogue and in one or more catalogues or magazines that were sent to South Florida; and that the photographs in dispute were shot in Miami at the behest of Defendant's agent. *Id.* ¶¶ 4–7. This is the sole basis upon which Plaintiff relies in establishing Section 1(a) "doing business" liability.

The value of Plaintiff's self-serving affidavit is completely undermined by the Affidavit of the alleged agent, Mr. Kenneth Eskin, submitted into evidence by Defendant. In his affidavit, Mr. Eskin denies ever having been the sales agent or distributor of Defendant. Eskin Aff. Specifically Mr. Eskin states:

> 1. That I am not, and have never been, the Registered Agent of [Defendant].
>
> 2. That I am not, and have never been, a Director, Officer, Cashier, General Manager, Employee, Managing Agent, General Agent, Business Agent, or an agent authorized by appointment or by law to receive service of process, or a shareholder of [Defendant].
>
> 3. The nature of my business is solely independent of the business activities of [Defendant]. I am merely a seller of goods manufactured by [Defendant].
>
> 4. I have no general authority to act for [Defendant].
>
> 5. I have no authority to bind [Defendant] contractually or otherwise.

*Id.* Clearly, the affidavit of the alleged agent himself together with the affidavit of Mr. Assaf outweighs the self-serving affidavit of Plaintiff.

Florida courts require substantial proof before extending *in personam* jurisdiction over non-resident defendants. *Moltz v. Seneca Balance, Inc.,* 606 F.Supp. 612, 615 (S.D.Fla.1985). At best Plaintiff has established that Defendant ships some of the goods it manufactures to Florida and that the photograph at issue was taken in Florida. These "facts" are woefully inadequate to subject Defendant to the jurisdiction of this Florida Court. Furthermore there is no evidence from which one could conclude that Defendant, at the time the goods were shipped or the photograph taken, could have contemplated that it would later be necessary to defend itself in another forum. On these facts no jurisdiction lies. *Oy v. Carnival Cruise Lines, Inc.,* 632 So.2d 724 (Fla. 3d DCA 1994)(Finnish lifeboat manufacturer lacked contacts of continuous and systematic nature with Florida necessary to subject it to personal jurisdiction there, where accident involving manufacturers lifeboat did not occur in Florida, manufacturer had no offices, business license, agents, mailing address or telephone in Florida, boat involved in accident was manufactures in Finland, delivered to, and installed on cruise ship in Finland under contract with Finnish shipyard, business involving purchase orders was conducted in Finland, and subsidiary that distributed and serviced manufacturers watercraft in Florida was not manufacturer's agent nor did manufacturer control or direct its activities). *Compare Citicorp Ins. Brokers (Marine) Ltd. v. Charman,* 635 So.2d 79 (Fla. 1st DCA 1994)(London insurance broker and successor were engaged in more than solicitation and were "conducting business" in Florida within the meaning of Long–Arm statute, since they had representatives traveling in State, visiting brokerage offices, gaining clients, procuring insurance for these clients, corresponding with Florida agents regarding procurement efforts, and collecting over a half a million dollars in commissions).

■ Finally, even assuming that Defendant's alleged contacts met the Florida long-arm statute requirements, it is manifest that these contacts do not satisfy the federal due process test. In order to exercise personal jurisdiction over these defendants, this Court must be satisfied there are sufficient "minimum contacts" between Defendants and Florida to ensure that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The constitutional touchstone is foreseeability. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). To be subject to the jurisdiction of a foreign state, a defendant must purposefully establish sufficient minimum contacts with that state such "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). A defendant may not be haled into court in a jurisdiction where his contacts with that state are random, fortuitous, or attenuated. *Burger King,* 471 U.S. at 486, 105 S.Ct. 2174. Whether Plaintiff wishes to rely on the fact some of Defendant's goods made their way into Florida or the fact the photographs in dispute were taken here in Florida, these contacts do not constitute sufficient "minimum contacts" with Florida to satisfy due process requirements. Clearly, Defendant could not have reasonably foreseen being haled into a Florida court on the basis of these "random" and "fortuitous" contacts.

In accordance with above and foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Ribkoff's Motion for Reconsideration is **GRANTED** and Defendant Ribkoff's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**. This case is now closed and the Clerk's Office is hereby ordered to close this case and strike all pending motions as moot.