Bobby D. OAKES, Jr., et al., Plaintiffs,

v.

Charles A. WHITTEN, Jr., M.D., Defendant.

No. 87–1654–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

June 7, 1988.

David K. Friedman, Dilworth, Paxson, Kalish, Kauffman & Tylander, Boca Raton, Fla., John Fitzpatrick, Dilworth, Paxson, Kalish & Kaufman, Philadelphia, Pa., for plaintiffs.

Linda Brooks Robinson, Robinson & Robinson & Fogleman, P.A., Sarasota, Fla., for defendant.

## ORDER ON MOTION TO RECONSIDER DENIAL OF TRANSFER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion for reconsideration of motion denying motion to transfer, filed April 29, 1988, and response to the motion for reconsideration. Defendant, a Florida resident, seeks transfer of this cause to the United States District Court for the Western District of Virginia. Defendant asserts transfer is appropriate for the convenience of the parties and witnesses.

As this Court stated in the previous order denying transfer, while jurisdiction does exist in this forum, 28 U.S.C. § 1404(a) permits the transfer of a case for the convenience of the parties, convenience of the witnesses, and in the interests of justice. In making the determination of whether the requested transfer will be in the interest of justice and for the convenience of the parties and witnesses, the Court must "strike a balance on convenience between those elements which weigh in favor or transferring ... and those which favor allowing plaintiff's choice of forum to stand undisturbed." *Umbriac v. American Snack, Inc.*, 388 F.Supp. 265, 269 (E.D.Pa.1975). While the Court recognizes that consideration of any number of factors may be relevant to the question of transfer, ultimately the resolution of the question is for the Court's discretion. *Poncy v. Johnson & Johnson*, 414 F.Supp. 551, 553 (S.D.Fla.1976). The Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), stated as a further consideration:

> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation ... There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws and in law foreign to itself.

In determining the propriety of transfer, the Court must give considerable weight to Plaintiff's choice of forum. *Intergraph Corp. v. Stottler, Stagg & Associates*, 595 F.Supp. 976, 978 (N.D.Ala.1984). Only if Plaintiff's choice is clearly outweighed by consideration of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action.

This cause of action is a medical malpractice action concerning treatment of minor plaintiff Bobby D. Oakes, Jr. by Defendant. All of the treatment complained of occurred in Virginia, where Defendant was in practice at that time. Dr. Whitten is now a resident of Florida. Plaintiffs are, and were at the time of the alleged malpractice, residents of Virginia. None of the witnesses identified by Plaintiffs in answer to Defendant's interrogatories are residents of Florida. All but one of the witnesses identified by Plaintiff are residents of Virginia; the other identified witness is a resident of North Carolina. The parties agree that the applicable law of the case will be the law of Virginia. The only connection this case has with Florida is that Defendant, who himself is requesting transfer, now resides in

**1230**

Florida and Plaintiffs chose to file suit here, for whatever reasons.

The Court, upon due consideration and within its discretion, finds that this cause of action should be transferred to the United States District Court for the Western Division of Virginia. Defendant has established to the Court's satisfaction that the all other factors in this cause outweigh Plaintiffs' desire to retain their original choice of forum.

CONVENIENCE OF PARTIES AND WITNESSES

Other than Defendant and one other witness who is from North Carolina, all other named witnesses and parties are from Virginia. Defendant has shown that the North Carolina witness is significantly closer to the Virginia than to Florida, 70 miles as opposed to 740 miles. Plaintiffs would be hard pressed to assert that it is more convenient for them to have the case tried in Florida, even though they can and do assert it is their desire that it be tried here. It is clear that the convenience to the witnesses and parties falls heavily in favor of transfer.

INTEREST OF JUSTICE, PUBLIC INTEREST AND OTHER FACTORS

*All* the actions complained of in this cause occurred not in Florida, but in Virginia. The laws of Virginia are controlling in this cause. The filing of the cause in Florida is no more than fortuitous, based on the fact that Defendant happened to move here after leaving Virginia. It seems to the Court that there could be few clearer cases of public and judicial interest being in favor of transfer. This cause is a classic example of the Supreme Court's concerns in *Gulf Oil,* supra. Accordingly, it is

ORDERED that the motion to reconsider is granted and the motion for transfer of the cause of action is granted. The Clerk of the Court is directed to transfer this cause of action to the United States District Court for the Western District of Virginia.