**Thomas J. HAYDEN, and HDL Machining, Inc., Plaintiffs,**

v.

**SHIN–ETSU HANDOTAI AMERICA, INC., Containerware, Inc., Micro Glass, Inc., Recif, Inc., Kitec Comet, Mactronix, MGI Electronics, Inc., H–Square Corporation, Defendants.**

No. Civ. 97–1752–AA.

United States District Court, D. Oregon.

June 4, 1999.

Michael Esler, John Stephens, Esler, Stephens & Buckley, Portland, OR, for plaintiffs.

James E. Geringer, Klarquist Sparkman Campbell Leigh & Whinston, LLP, Portland, OR, for defendant Containerware, Inc.

## OPINION AND ORDER

AIKEN, District Judge.

Defendant Containerware, Inc. ("Containerware") moves to dismiss this action, pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction. Defendant's motion is granted.

### STANDARDS

Personal jurisdiction in patent cases is decided under Federal Circuit law, rather than that of the regional circuit in which the case arose. *Akro Corp. v. Luker,* 45 F.3d 1541, 1543 (Fed.Cir.1995).

Plaintiffs here allege that this court has specific jurisdiction over the defendant. That is when a cause of action arises directly from the defendant's contacts with the forum state. *See Burger King v. Rudzewicz,* 471 U.S. 462, 473 n. 15, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether the forum state has an applicable long-arm statute; and (2) whether the assertion of jurisdiction comports with the constitutional requirements of due process. *Graphic Controls Corp. v. Utah Medical Products, Inc.,* 149 F.3d 1382, 1385 (Fed.Cir.1998). Oregon's jurisdictional statute confers personal jurisdiction coextensive with due process. Or. R.Civ.P. 4L. As a result, this court need only analyze whether exercising jurisdiction comports with due process. *Dainippon Screen Manufacturing Co. v. CFMT,*

*Inc.,* 142 F.3d 1266, 1270 (Fed.Cir.1998) ("because California's long-arm statute is coextensive with the limits of due process ... the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process").

■ The Supreme Court requires that an out-of-state defendant have at least "minimum contacts" with the forum prior to being haled into court there. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Court said:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'

*Id.* at 316, 66 S.Ct. 154.

■ From there, the Federal Circuit has developed a three-part test to determine personal jurisdiction over a defendant:

> [1]  whether the defendant purposefully directed its activities at residents of the forum,
>
> [2]  whether the claim arises out of or relates to the defendant's activities with the forum, and
>
> [3]  whether assertion of personal jurisdiction is reasonable and fair.

*Genetic Implant Systems, Inc. v. Core-Vent Corp.,* 123 F.3d 1455 (Fed.Cir.1997).

The Supreme Court has split over the requirements for the "purposeful availment" element in the context of the stream of commerce theory of jurisdiction. *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). *Asahi* is a plurality opinion whereby four justices endorsed the view that personal jurisdiction requires more than the mere act of placing a product in the stream of commerce, where the stream eventually sweeps defendant's product into the forum state without the defendant doing anything else to purposefully avail itself of the market in the forum state. *Id.*

at 110, 107 S.Ct. 1026. Rather, there must be some additional conduct by the defendant to indicate an intent to serve the market in the forum. *Id.* at 112, 107 S.Ct. 1026. The remaining justices concurred in the plurality's holding that California's exercise of jurisdiction did not comport with "traditional notions of fair play and substantial justice," but did not join in the plurality's holding that Asahi did not possess minimum contacts with California.

The Federal Circuit has not taken a position on this split. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1567 (Fed.Cir.1994). However, resolution of this issue is not necessary for purposes of this case because I conclude that any contact by Containerware with this forum which could fairly be said to give rise to or relate to the claims in this case is too random, fortuitous and attenuated for application of either version of the "stream of commerce" theory.

## *DISCUSSION*

This is a patent infringement case brought by plaintiffs against several defendant companies. Plaintiffs allege that the defendants have infringed their patent number 4,662,811 (the "811 Patent") which is an invention of a "method and apparatus for orienting semiconductor wafers." Plaintiffs' Amended Complaint, ¶ 2. Plaintiff HDL Machining, Inc. alleges that it is the exclusive licensee of the '811 Patent.

Specifically, plaintiffs allege that Containerware:

> was and is an Arizona corporation. It makes, sells, and uses devices which infringe the '811 Patent. It has infringed the '811 Patent and induced or contributed to the infringement of the '811 Patent in the State of Oregon.

Plaintiffs' Amended Complaint, ¶ 5.

■ Containerware is not registered to do business in Oregon, and its nearest office is located in Phoenix, Arizona. However, in 1990 and 1993, Containerware made two sales of WF–4 flat aligners to a

company in Bend, Oregon. The 1990 sale of four flat aligners falls outside the six year damages period in 35 U.S.C. § 286. Therefore, at issue here is one sale made by Containerware in 1993 to a company located in Oregon. Containerware no longer makes or sells flat aligners. Containerware has not sold any WF–4 flat aligners, or any product, since the 1993 sale to any company or individual in Oregon. Containerware has never sent a salesperson to Oregon, has not sent its brochure or catalog into Oregon, and has not had a representative in Oregon since at least 1987.

The parties have previously discussed the accused device (the WF–4 flat aligners). In 1987, plaintiffs wrote a letter to Containerware stating that plaintiffs believed that Containerware's WF–4 flat aligners infringed "one or more" of plaintiffs' patent claims. See Plaintiffs' Deposition of Ron Francken, Ex. 4. Containerware responded with the following letter:

> After careful review, we have concluded that we do not infringe on the subject patent. Our product was being manufactured and sold prior to the date [plaintiff] filed for his patent in 1983 and is conceptually based on a commercially available product manufactured in the late seventies and early eighties.

Id.

Plaintiffs did not reply to Containerware's 1987 letter.

■ Containerware has no distribution network designed to bring its products into Oregon. This fact is crucial—the presence of an established distribution channel is a "significant factor" favoring jurisdiction in cases involving the stream of commerce theory. Beverly Hills Fan, 21 F.3d at 1565 n. 15 (jurisdiction founded on defendant's having "purposefully shipped the accused fan into [forum] through an established distribution channel"). See also, Viam Corp. v. Iowa Export–Import Trading Co., 84 F.3d 424, 428 (Fed.Cir.1996) (defendant "knowingly and intentionally exploited the [forum's] market through its exclusive distributor's ad-

vertising ... and by establishing channels for providing regular advice in [forum]"); Akro Corp., 45 F.3d at 1543 (defendant's entering into exclusive licensing agreement with one of the accused infringer's competitors in forum state). Compare World–Wide Volkswagen, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (comparing sale of a product that is an "isolated occurrence" to one which arises from the efforts of the defendant "to serve, directly or indirectly, the market for its product").

■ In the absence of a distribution channel, a local sales force or local advertising, the court concludes that one sale of five WF–4 flat aligners to a company in Bend, Oregon, for less than $1200.00, occurring six years ago, was not the result of purposeful conduct. A single contact in this District can support personal jurisdiction only if that contact creates a "substantial connection" with the forum, as opposed to an "attenuated affiliation." Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc., 148 F.3d 1355, 1359 (Fed.Cir.1998). That single contact does not qualify as a "substantial connection" with the forum and makes it unlikely that Containerware could reasonably have anticipated being haled into an Oregon court.

Containerware no longer makes or sells flat aligners. Containerware's total sales of flat aligners has been an "extremely minuscule" part of Containerware's business. Francken Depo., p. 26, 38–39. Containerware is a small company of eleven employees. It has never sent a salesperson to Oregon, has not sent its brochure or catalog into Oregon, and has not had a representative in Oregon since 1987. Id. at p. 32, 35, 37.

Plaintiffs offer no evidence that Containerware ever had a "substantial connection" with this state, in that the evidence is unrefuted that Containerware's lone material contact with this forum was a single incident. Plaintiffs do not identify any material contacts between Containerware and this state since Containerware's single sale of five flat aligners, which Container-

ware alleged was a prior art design, in 1993.

Plaintiffs instead rely on Containerware's website and the fact that Containerware sells to a company in Vancouver, Washington (SEH America) which then may sell to Intel Corporation, a semiconductor manufacturing business, located in Oregon.

Containerware's website, which has never generated any orders, including any from Oregon, is not a sufficient contact upon which to base personal jurisdiction. *See Millennium Enterprises, Inc. v. Millennium Music LP*, 33 F.Supp.2d 907, 912 (D.Or.1999) (distinguishing between potential commercial activity on the Internet and actual activity); and Francken Depo., p. 45, 1. 5.

■ Containerware admits that it sells to a company in Washington that plaintiffs believe then sells the product to companies in Oregon. The Federal Circuit has previously held that doing business at arms length with a company that in turn does business in the forum state is not a "constitutionally cognizable" contact for purposes of personal jurisdiction. *Red Wing Shoe Company*, 148 F.3d at 1361.

### CONCLUSION

Defendant Containerware's motion to dismiss for lack of personal jurisdiction (doc. 73) is granted. The parties request for oral argument is denied as unnecessary. This action is dismissed as to defendant Containerware only.

IT IS SO ORDERED.