**RESPONSE REWARD SYSTEMS, L.C., Plaintiff,**

v.

**MEIJER, INCORPORATED, Defendant.**

**No. 8:01–CV–2271–T–17EAJ.**

United States District Court, M.D. Florida, Tampa Division.

Jan. 31, 2002.

John J. Halak, Law Office of John J. Halak, Sarasota, FL, for Plaintiff.

Timothy Eagle, Varnum, Riddering, Schmidt & Howlett, LLP, Grand Rapids, MI, H. C. Goplerud, Harry Christopher Goplerud, PA, Tampa, FL, for Defendant.

## ORDER

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendant Meijer, Inc.'s Motion to Dismiss

for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue (Docket No. 9, filed December 28, 2001); Brief in Support of Defendant Meijer, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue (Docket No. 10, filed December 28, 2001); and Plaintiff Response Reward Systems, L.C.'s Opposition to Defendant's Motion to Dismiss or to Transfer Venue (Docket No. 13, filed January 14, 2001).

## Background

Defendant, Meijer, Inc. (Defendant), is a Michigan Corporation with its principal place of business located in Grand Rapids, Michigan. Meijer has been in business since 1934 and operates general merchandise and supermarket stores in five states. Plaintiff, Response Reward Systems, L.C. (Plaintiff), is a limited liability company, organized and existing under the laws of the State of Florida, with its principal place of business located in Vero Beach, Florida.

Plaintiff filed suit against Defendant, alleging that the production of coupons on its internet website violates patents of which Plaintiff is the holder. Subsequently, Defendant filed this motion on the grounds that this Court lacks personal jurisdiction over it because Defendant has no stores in Florida; does not solicit business from Florida residents; has no substantive contacts with the State of Florida; has no agents or offices located in Florida; and has never been authorized, licensed, or registered to do business in Florida. Plaintiff maintains that Defendant's internet activities establish minimum contacts with Florida; thus, this Court has personal jurisdiction over Defendant.

## Standard of Review

■ To subject a defendant to a judgment *in personam,* a plaintiff must make a *prima facie* showing that jurisdiction exists by presenting enough evidence to withstand a motion for directed verdict. *Powercerv Tech. Corp. v. Ovid Tech.,* 993 F.Supp. 1467, 1468 (M.D.Fla.1998) (citing *Prentice v. Prentice Colour, Inc.,* 779 F.Supp. 578, 583 (M.D.Fla.1991)). If the plaintiff pleads enough facts to state a *prima facie* basis for personal jurisdiction, the burden then shifts to the defendant to challenge Plaintiff's allegations by affidavits or other pleadings. *Structural Panels, Inc. v. Texas Aluminum Ind., Inc.,* 814 F.Supp. 1058, 1064 (M.D.Fla.1993) (citing *Prentice,* 779 F.Supp. at 583). If the defendant sufficiently challenges the plaintiff's assertions, then the plaintiff must affirmatively support its jurisdictional allegations and may not merely rely upon the factual allegations set forth in the complaint. *Id.*

■ To determine whether the court may exercise personal jurisdiction over a nonresident defendant, the court must determine: 1) whether the state long-arm statute permits assertion of jurisdiction and 2) whether sufficient "minimum contacts" exist to satisfy the due process requirements of the Fourteenth Amendment so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Id.* (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

## Discussion

### A. Florida's Long–Arm Statute

Florida's Long–Arm Statute provides, in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state

for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, or engaging in, or carrying on a business or business venture in state or having an office or agency in this state;

(b) Committing a tortious act within this state;

. . . . .

(f) Causing injury to persons or property within this state arising out of act or omission by the defendant outside this state, if, at or about the time of the injury, either:

1. The defendant was engaged in solicitation or service activities within the state; or

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

. . . . .

██ (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193. Because the Florida long-arm statute is governed by state law, federal courts are required to construe it as would the Florida Supreme Court. *Kim v. Keenan,* 71 F.Supp.2d 1228, 1233 (M.D.Fla.1999) (citing *Lockard v. Equifax, Inc.,* 163 F.3d 1259, 1265 (11th Cir.1998)). Additionally, Florida's long-arm statute must be strictly construed, and the burden of proving facts that justify use of the statute is on the plaintiff. *Id.* (citing *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889, 890–891 (11th Cir.1983)).

### 1. Florida Statutes Section 48.193(1)(a)—Operating a Business

██ To establish that a defendant is carrying on a business for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit. *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 627 (11th Cir.1996) (citing *Dinsmore v. Martin Blumenthal Associates, Inc.,* 314 So.2d 561, 564 (Fla.1975)).

From the evidence that Defendant has submitted to this Court, it is evident that Defendant is not licensed by the State of Florida and has no employees, officers, property, telephone number, or mailing address in Florida. (Ross Affidavit, Docket No. 10, Ex. A). Additionally, Defendant limits its advertising to states where its stores are located and has never directed advertising to the State of Florida. In light of the evidence that Defendant submitted, the burden shifts to Plaintiff to support affirmatively its jurisdictional allegations in the complaint.

██ Plaintiff's complaint alleges that Defendant infringed its patents by providing coupons on its internet site, and Plaintiff has brought forth evidence showing that its coupons can be redeemed in Florida by those pharmacies and grocery stores that redeem "competitor coupons." (Craig Von Horn Affidavit, Docket 13). However, Plaintiff has failed to set forth specific facts which indicate that Defendant has operated, conducted, engaged in, carried on a business or business venture, or had an office or agency in this state. The coupons that Defendant produces on its website are intended to be redeemed only at its stores. Defendant receives no benefits if other stores redeem its coupons. Moreover, the fact that other stores redeem Defendant's coupons is not enough to show that a general course of business

within the state or that it receives a pecuniary benefit from the posting of the coupons. Therefore, personal jurisdiction over Defendant may not be asserted under Section 48.193(1)(a).

## 2. Florida Statutes Section 48.193(1)(f)—Causing Injury to Persons or Property within Florida

■ Jurisdiction also does not exist under Section 48.193(1)(f), as this section does not permit jurisdiction over nonresidents for acts arising outside the state that cause financial injury within the state, in the absence of personal injury or property damage. *Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1033 (11th Cir.1991). Moreover, subsection (1)(f) does not apply to situations in which only *economic* damages are suffered within the state. *Prentice*, 779 F.Supp. at 585. Plaintiff has not alleged personal injury or property damage, but only patent infringement; therefore, there is no personal jurisdiction under Section 48.193(1)(f).

## 3. Florida Statutes Section 48.193(2)—Substantial and not Isolated Activity in the State

■ Section 48.193(2) permits the court to exercise personal jurisdiction regardless of whether or not the claim arises from the defendant's activities within the state, if the defendant is engaged in substantial and not isolated activity within this state. Fla. Stat. § 48.193(2). The affidavits and pleadings of record indicate that the contact the Defendant had with Florida was minimal. Specifically, it purchased flowers from various vendors in Florida periodically. This act, in itself, is not enough to find personal jurisdiction over Defendant.

## 4. Florida Statutes Section 48.193(1)(b)—Committing a Tort

■ One of the events subjecting a party to jurisdiction under Florida long-arm statute is "[c]ommitting a tortious act within this state." Fla. Stat. § 48.193(1)(b). Patent Infringement is a tortious act within the meaning of this provision. However, Florida courts are divided on the issue of whether a tortious act committed outside the state resulting in injury in the state produces personal jurisdiction under Section 48.193(1)(b). *Kim*, 71 F.Supp.2d at 1233. The Eleventh Circuit has found that "jurisdiction under Section 48.193(1)(b) '[is] not limited to a situation where an act cause[s] injury in Florida.' " *Id.* (citing *Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030 (11th Cir.1991) (quoting *Bangor Punta Operations, Inc. v. Universal Marine Co.*, 543 F.2d 1107, 1109 (5th Cir.1976))).

In *Posner v. Essex Insurance Company*, the Eleventh Circuit stated that:

> Absent a contrary decision by [the Florida Supreme] Court, however, we are bound in this case to follow this court's firmly established precedent, which interprets subsection (1)(b) to apply to defendant committing tortious acts outside the state that cause injury in Florida.

178 F.3d 1209, 1217 (11th Cir.1999). The Florida Supreme Court still has not entered a contrary ruling; thus, *Posner* and the Eleventh Circuit decisions on which it relied remain binding in this Court.

Plaintiff alleges that Defendant committed the tort of patent infringement, arising from Defendant's posting of coupons on its internet website. Whether or not the posting of the coupons on its internet site violated Plaintiff's patent is not the proper inquiry on a Motion to Dismiss for lack of personal jurisdiction. Plaintiff has alleged patent infringement and this Court will construe the facts in light most favorable to Plaintiff and hold that the alleged patent infringement satisfies Florida's statute on long-arm jurisdiction.

## B. Due Process

Due process requires that the defendant have certain minimum contacts with the forum, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Structural Panels*, 814 F.Supp. at 1066.(citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

### 1. Minimum Contacts

■ Regardless of Plaintiff meeting the first part of the Court's inquiry into the existence of personal jurisdiction, the Court finds that there are insufficient "minimum contacts" between Defendant and Florida to ensure due process. Minimum contacts within the forum may give rise to two types of personal jurisdiction: specific or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). To assert general jurisdiction over Defendant, there must be substantial or "continuous and systematic" contacts with the forum to comport with due process. *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 392 n. 2 (11th Cir.1988). Even when the cause of action does not arise out of the nonresident's activities with the forum state, due process is not offended if the court asserts personal jurisdiction over the defendant where there are sufficient contacts between the nonresident defendant and the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

■ Specific jurisdiction is exercised when the suit arises out of, or is related to, a party's single or isolated contact with the forum. *Helicopteros*, 466 U.S. at 414, 104 S.Ct. 1868. The court may exercise specific jurisdiction over a nonresident if the defendant has purposefully directed his activities to the forum state, and the alleged injury to the forum residents arises out of those activities. *Structural Panels*, 814 F.Supp. at 1066 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). The nonresident's activities and connection with the forum state must be such that the defendant would "reasonably anticipate being haled into court there." *Id.* (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

■ The Eleventh Circuit utilizes a three-part test for determining whether the minimum contacts requirement has been met: 1) the contacts must be related to the Plaintiff's cause of action; 2) they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the state; and 3) the defendant's contacts with the state must be such that the defendant should reasonably anticipate being haled into court there. *Kim*, 71 F.Supp.2d at 1235 (citing *Posner*, 178 F.3d at 1220).

■ Although Defendant's alleged contacts with the forum relate to Plaintiff's cause of action, Defendant's activities cannot be considered as "purposefully directed" to the State of Florida, such that it would anticipate that it would be haled into court there. Defendant only produces coupons on its website for use at its stores that are located in Michigan, Indiana, Ohio, Kentucky, and Illinois. Although Plaintiff attempted to use the coupons at other stores that redeemed competitors coupons, Defendant did not anticipate that other stores would redeem the coupons, and it does not receive a benefit when other stores do redeem them. Moreover, Defendant did not intend for these coupons to be used in Florida. It has no stores, no employees, no offices, and no property in Florida. It does not solicit or advertise in Florida, and it receives no profit from residents of Florida. *See As-*

*ahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (holding that the mere placement of a product in the stream of commerce, without more, was not an act of the defendant purposefully directed toward the forum state; additional conduct such as advertising or marketing product in the forum state was necessary). Thus, the Court finds that Defendant did not have sufficient "minimum contacts" with Florida.

### 2. Fair Play and Substantial Justice

▇ In determining whether the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice," the court must consider such factors as the "burden on the Defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Kim,* 71 F.Supp.2d at 1236 (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

▇ Although Plaintiff's interest in obtaining relief may be significant, the Court finds no reason that Florida would have a significant interest in adjudicating a matter which involves a corporation with absolutely no contact with the state. The mere fact that Defendant's website is accessible to Florida residents is not enough to give Florida a significant interest in adjudicating the matter. If that were the case, the State of Florida would have interest in virtually every lawsuit that arose from an internet site, a fact that would go against the interests of the interstate judicial system and the fundamental substantive social policies of the states. Moreover, the burden on Defendant would be substantial. It has no offices, employees, or documents located in this state. For example, it would have to bear the cost of transporting its documents and witnesses to this State. Thus, the Court finds that jurisdiction in Florida does not comport with the due process requirement of fair play and substantial justice.

For the above-stated reasons, the Court finds that although Florida's long-arm statute asserts personal jurisdiction over Defendant, this Court lacks personal jurisdiction over Defendant because it does not have minimum contacts with the forum state and does not satisfy the requirements of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment

### C. Transfer of Venue

Title 28, United States Code, Section 1404(a) permits the transfer of a case for the convenience of the parties, convenience of the witnesses, and in the interests of justice. In making that determination, the Court must "strike a balance on convenience between those elements which weigh in favor of transferring . . . and those which favor allowing plaintiff's choice of forum to stand undisturbed." *R.E.F. Golf Co. v. Roberts Metals, Inc.,* No. 92–577–CIV–T–17A, 1992 WL 161041, *1 (M.D.Fla., June 29, 1992) (quoting *Umbriac v. Amer. Snacks, Inc.,* 388 F.Supp. 265, 269 (E.D.Pa.1975)). This Court has full discretion to grant a request for transfer, if such a transfer is more convenient for the parties, more convenient for the witnesses, and in the interests of justice. 28 U.S.C. § 1404.

▇ In determining the propriety of transfer, the Court must give considerable weight to Plaintiff's choice of forum. *Id.* (citing *Intergraph Corp. v. Stottler, Stagg & Assoc.,* 595 F.Supp. 976, 978 (N.D.Ala. 1984)). Only if the Plaintiff's choice is clearly outweighed by considerations of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action. *Oakes v.*

*Whitten,* 685 F.Supp. 1228, 1229 (M.D.Fla. 1988).

The Court may transfer venue pursuant to Section 1404 even if venue is improper and venue is lacking in Florida. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 464–467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

### Convenience of the Parties and Witnesses

 One of the most important factors for consideration is the convenience of the witnesses. Here, Plaintiff has not shown that any witness, other than himself, is necessary for his case. On the other hand, Defendant has shown that most, if not all, of its witnesses reside in Michigan, or in states that are in close proximity.

The relative ease of access to sources of proof is another consideration that this Court must weigh in determining whether it should transfer the case. Defendant has shown that it has no direct relationship with Florida at all, nor does it have any documents, employees, agents, or offices in Florida for the purposes of this suit. Defendant's documents that relate to this suit are contained in Defendant's offices in Michigan, where its headquarters is located. Plaintiff, on the other hand, claims that all of the business records and files are locate at his home in Florida. Thus, Plaintiff can easily access the source of proof that he will need for trial and this factor will not cause him hardship.

Another factor is to consider the financial ability to bear the cost of a change of venue. If the case were to remain in Florida, there would be a greater burden to Defendant than to Plaintiff because Defendant would bear the expense of sending many employee-witnesses to the trial. The expenses would not only include the cost of travel, but also the costs of disrupting its business for the duration of the trial. On the other hand, the Plaintiff is the only witness that would be required to travel. Response Reward will not be af-fected by the Plaintiff's participation in trial in Michigan. Therefore, Plaintiff is better able to bear the cost of a transfer than Defendant is.

### Interests of Justice

It is in the interests of justice to transfer this action to the Western District of Michigan because of the hardship that will fall on the Defendant if it is forced to defend this claim in Florida. As it has shown, all of Defendant's witnesses reside in Michigan or in close proximity; all of its documents that are pertinent to this suit are located in Michigan; and Plaintiff could bear the cost of transferring the case more easily than could Defendant. Although Plaintiff argues that his health may prevent him from traveling, this fact, in itself, is not enough to prevent this Court from transferring the case to the Western District of Michigan in the interests of justice.

For the above-stated reasons, this Court finds that the convenience of the parties, the convenience of the witnesses, and the interests of justice dictate that this case should be transferred to the Western District of Michigan. Accordingly, it is

**ORDERED** that Defendant's request for Oral Argument be **DENIED;** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue (Docket No. 9) be **GRANTED;** and this case be **TRANSFERRED** to the Western District of Michigan.