**ELITE ALUMINUM CORPORATION, a Florida corporation, Plaintiff,**

v.

**Kathy TROUT, individually, Squirrel Hollow Enterprises, a California corporation d/b/a Duraform Building Panels, Defendants.**

No. 06–60551–CIV.

United States District Court, S.D. Florida.

Aug. 4, 2006.

Robert Edward Pershes, Buckingham Doolittle, Boca Raton, FL, for Elite Aluminium Corp.

George L. Baugh, Fullerton, CA, Michael Chapman Cesarano, Akerman Senterfitt, Miami, FL, for Kathy Trout.

## ORDER GRANTING, IN PART, MOTION TO DISMISS; TRANSFERRING CASE TO NORTHERN DISTRICT OF CALIFORNIA

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, filed herein on July 20, 2006. [DE–12]. The Court has carefully considered the Motion, Plaintiff's Response [DE–28], the argument of counsel at the July 28, 2006 Hearing, and is otherwise fully advised in the premises.

## I. BACKGROUND

On April 20, 2006, Plaintiff brought this action for patent infringement, seeking preliminary and permanent injunctive relief against Defendants Kathy Trout and Squirrel Hollow Enterprises, d/b/a Duraform Building Panels ("Duraform"). Plaintiff is a Florida corporation with its principal place of business in Broward County, Florida. Defendant Duraform is a California corporation with its principal place of business in Corona, California.

Defendant Trout is an employee of Duraform, and alleged to be the Operating Officer of that company.

Plaintiff is the owner, by assignment, of United State Patent No. 5,502,939 ("the '939 patent"), a patent covering an interlock for composite aluminum panels used for purposes such as patios and room additions. Plaintiff's patented interlock system allows for locking and unlocking of aluminum panels, a process that was previously difficult or impossible to manage without damaging the panels. In the Complaint, Plaintiffs allege that Defendants have directly, indirectly, contributorily or by inducement infringed the claims of the '939 patent by producing a "knock-off" product that copies Elite's design, and that such infringement has caused reputational injury and other damages to Elite.

On July 10, 2006, Elite filed a motion seeking entry of a preliminary injunction against Defendants. On July 20, 2006, Defendants filed the instant motion to dismiss for lack of personal jurisdiction and improper venue. The Court held a hearing on both motions on July 28, 2006, and heard oral argument on Defendants' motion. At the hearing, the Court stated that it would defer ruling on Plaintiff's motion for preliminary injunction pending resolution of the motion to dismiss. Accordingly, Defendants' motion is ripe and before the Court at this time.

## II. DISCUSSION

### A. Personal Jurisdiction

In cases alleging patent infringement, the Court applies Federal Circuit law to determine whether the court may exercise personal jurisdiction over the Defendants. *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed.Cir.2002). The determination of personal jurisdiction over

a nonresident defendant requires a two-part analysis. *Id.* When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, as it is here, Rule 4(e) of the Federal Rules of Civil Procedure requires that both assertion of jurisdiction and service of process be determined by the state long-arm statute. *Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.,* 148 F.3d 1355, 1358 (Fed.Cir.1998).

██ If there is a basis for the assertion of personal jurisdiction under the state statute, the Court must next determine whether sufficient minimum contacts exist such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); *Hildebrand,* 279 F.3d at 1354. Only if both prongs of the due process analysis are satisfied may this Court exercise personal jurisdiction over a nonresident defendant. *Id.; see also Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 256 (11th Cir.1996) (citing *Int'l Shoe Co.,* 326 U.S. at 316, 66 S.Ct. 154; *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990)).

### 1. Florida Long–Arm Statute

██ Plaintiff asserts that jurisdiction is proper under Florida Statute § 48.193(1)(b). The Court applies Florida law with respect to interpreting the state's long-arm statute. *Graphic Controls Corp. v. Utah Med. Prods., Inc.,* 149 F.3d 1382, 1385 (Fed.Cir.1998). Florida's long-arm statute must be strictly construed, and the burden of proving facts that allow for jurisdiction is on the plaintiff. *Oriental Imp. & Exp., Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889, 891 (11th Cir. 1983) (citations omitted). Florida Statute § 48.193(1)(b) provides for specific jurisdiction over a cause of action arising from the commission of a tortious act within the

state of Florida. A court may find jurisdiction pursuant to § 48.193(1)(b) even if the defendant was not physically present in the state of Florida at the time the tort was allegedly committed if the situation is one "in which a foreign tortious act causes injury within the forum." *Cable/Home Communication Corp. v. Network Prods., Inc.,* 902 F.2d 829, 857 (11th Cir.1990) (quoting *Rebozo v. Washington Post, Co.,* 515 F.2d 1208, 1212 (5th Cir.1975); *Wendt v. Horowitz,* 822 So.2d 1252, 1260 (Fla. 2002)).

Plaintiff argues that this Court has jurisdiction under § 48.193 because Defendants have engaged in acts of patent infringement within the State of Florida by shipping the allegedly infringing product into the State. Plaintiff argues that the act of patent infringement constitutes a tortious act and alleges that tortious acts committed by Defendant occurred in Florida and also caused injury in Florida.

██ In determining whether jurisdiction can be established under tortious conduct provisions of a state long-arm statute, courts have held that patent infringement constitutes a tortious act for the purposes of establishing personal jurisdiction. *See Carbice Corp. of Am. v. Am. Patents Dev. Corp.,* 283 U.S. 27, 33, 51 S.Ct. 334, 75 L.Ed. 819 (1931) (holding that patent infringement is essentially a tort); *Response Reward Sys. v. Meijer, Inc.,* 189 F.Supp.2d 1332, 1337 (M.D.Fla.2002)("Patent Infringement is a tortious act within the meaning of [§ 48.193]."). With respect to the resulting injury, the Court of Appeals for the Federal Circuit has explained that the site of the injury in a patent infringement action is the location "at which the infringing activity directly impacts on the interests of the patentee, here the place of the infringing sales." *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1571 (Fed.Cir.1994). Taking the

facts alleged in the Complaint as true, Defendants committed the tortious act of patent infringement in Florida, which resulted in injury to Plaintiff in Florida. Thus Florida's long-arm statute has been satisfied and the Court's inquiry turns to due process considerations.

### 2. Due Process

■■■ The Federal Circuit has set forth a three-part test for determining whether personal jurisdiction may be properly exercised in a patent case. The Court must consider. (1) whether the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim "arises out of or relates to" the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is "reasonable and fair".[1] *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 – 1202 (Fed.Cir.2003). The first two prongs of the analysis are meant to address the minimum contacts prong of a personal jurisdictional analysis, asking whether Defendant has engaged in " 'minimum contacts' with [Florida], 'such that [it] should reasonably anticipate being haled into court there.' " *Red Wing Shoe Co.*, 148 F.3d at 1359 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)); *Silent Drive, Inc.*, 326 F.3d at 1202. The third prong addresses fairness issues and whether the exercise of personal jurisdiction over Defendant would comport with traditional notions of "fair play and substantial justice." *Id.; Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 670 (11th Cir.1993) (citing *Int'l Shoe Co.*, 326 U.S. at

316, 66 S.Ct. 154; *Madara*, 916 F.2d at 1515–16).

■■■ The minimum contacts analysis examines "the number and nature of defendant's contact with the forum." *Red Wing Shoe Co.*, 148 F.3d at 1359. Defendants' contacts with the forum state must demonstrate that defendant has purposefully availed himself of the privilege of conducting activities in the forum state and the protections and benefits of its laws. *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). In determining whether Defendants' acts constitute "purposeful availment", the Court should consider factors such as "the quality, nature and extent of the activity in the forum, [and] the foreseeability of consequences within the forum from activities outside it." *Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.*, 792 F.2d 989, 993 (11th Cir.1986). In explaining the requirements of due process and minimum contacts with respect to personal jurisdiction, the Supreme Court has stated that:

> When a corporation purposefully avails itself of the privilege of conducting activities within the forum state ... it has clear notice that it is subject to suit there, and can act to alleviate the risk of hurdensome litigation ... Hence, if the sale of a product by a manufacturer or distributor ... is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its products in other States, it is not unreasonable to subject it to suit in one

---

1. The parties do not appear to dispute that the jurisdictional analysis in this case involves only "specific jurisdiction," rather than "general jurisdiction." Specific jurisdiction occurs when the cause of action at issue arises out of the defendant's contacts with the forum state. *Red Wing Shoe Co.*, 148 F.3d at 1359. In contrast, general jurisdiction occurs when

a defendant's contacts are "continuous and systematic," subjecting defendant to jurisdiction even when those contacts do not relate to the cause of action. *Id.* Plaintiff does not dispute that there are no systematic and continuous contacts in this matter and thus general jurisdiction does not exist in this case.

of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others.

*World–Wide Volkswagen Corp.*, 444 U.S. at 297–98, 100 S.Ct. 559 (quoted in *Westwind Limousine, Inc. v. Shorter*, 932 So.2d 571 (Fla.App. 5th DCA June 30, 2006)).

Where personal jurisdiction is based on specific jurisdiction, as here, even an "isolated and sporadic" contact can satisfy the minimum contacts requirement. *Red Wing Shoe Co.*, 148 F.3d at 1359. Some single or isolated contacts may not be sufficient to establish jurisdiction if the nature and quality of those contacts creates only an "attenuated" affiliation with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). "Random, fortuitous or attenuated contacts" are not to be considered in the minimum contacts calculus, nor are "contacts resulting from the unilateral activity of others." *Id.*

Generally, with respect to patent infringement cases, when a defendant is shown to have sold an allegedly infringing product in the forum state, the Court may exercise jurisdiction over that defendant. *ESAB Group, Inc. v. Centricut, LLC,* 34 F.Supp.2d 323, 332 (D.S.C.1999) (citing *Beverly Hills Fan,* 21 F.3d at 1570–71). Courts have held, however, that jurisdiction may not be manufactured by the conduct of others. *Chung v. NANA Dev. Corp.*, 783 F.2d 1124, 1127 (4th Cir.), *cert. denied* 479 U.S. 948, 107 S.Ct. 431, 93 L.Ed.2d 381 (1986); *Edberg v. Neogen Corp.*, 17 F.Supp.2d 104, 112 (D.Conn. 1998). Moreover, a single isolated contact when initiated by the plaintiff, not the defendant, is insufficient to establish minimum contacts. *E.g., Dawson v. Pepin,* 2001 WL 822346, *4 (W.D.Mich.2001); *ESAB Group,* 34 F.Supp.2d at 333; *Edberg,* 17 F.Supp.2d at 112; *see also Autoscribe v. Goldman,* No. 94–1749, 1995 WL 56662, *6 (4th Cir.1995) (holding that a plaintiff cannot lure defendants into contacts with the forum state for the purpose of establishing personal jurisdiction over them). Such contacts do not constitute "purposeful availment" as they result not from the conduct of the defendant, but from the conduct of others. *See ESAB Group,* 34 F.Supp.2d at 333; *Edberg,* 17 F.Supp.2d at 112; *see also Burger King,* 471 U.S. at 475, 105 S.Ct. 2174 ("Jurisdiction is proper ... where the contacts proximately result from actions *by the defendant himself* that create a 'substantial connection' with the forum State.") (emphasis added).

Defendants argue that this is a situation where Plaintiff has orchestrated a sale in the forum state for the purpose of manufacturing jurisdiction. Defendants contend that they were contacted by Florida company Screen Masters, who ordered six Duraform panels at the behest of Plaintiff for the purpose of obtaining a basis for jurisdiction in Florida. Such an unsolicited sale, initiated by the Plaintiff should not be sufficient to meet the minimum contacts required for due process. Plaintiff responds that a single tortious act, here Defendants' sale of the accused product, is sufficient to establish personal jurisdiction. Plaintiff contends that Defendants had the intent to sell their product in Florida, even if for just one sale, and that this is sufficient contact to satisfy the requirements for the Court's exercise of jurisdiction over Defendants.

The Court agrees with Defendants. Defendants' solitary sale and shipment of its product into the State of Florida was the result of Plaintiff's conduct, acting through an intermediary to bring Defendants' product into the state. Defendants have had no other contact with the state, do not advertise in the state, do not have sales representatives in the state, do not have a website or conduct business over the inter-

net, and have not established method or arrangement for bringing the product into the state. (Decl. of Barhara Tweedy, at ¶¶ 4–16); *see Asahi,* 480 U.S. at 109, 107 S.Ct. 1026; *Edberg,* 17 F.Supp.2d at 112 (describing additional conduct of defendant that might indicate intent to serve market in the forum state). Defendants' single unsolicited sale into Florida, which was initiated by the actions of Plaintiff, is not of the nature or quality to satisfy the due process requirements for exercising personal jurisdiction over Defendants.

In *Beverly Hills Fan* the Federal Circuit explained that in cases of patent infringement, minimum contacts may also be satisfied under a stream of commerce standard, by showing that Defendants purposefully shipped their products into the forum state through established distribution channels. *Beverly Hills Fan,* 21 F.3d at 1566. This case is distinguishable from *Beverly Hills Fan,* however. Here, as noted above, Defendants' sole contact was a one-time unsolicited shipment into Florida, not repeated sales of goods through established channels, and there is nothing to suggest that Defendants intend to conduct future business in Florida through such methods of distribution or create continuing obligations to its residents. *See Hafendorfer v. J. Thomas Distrib., Inc.,* No. CIV.A.3:96CV–239–S, 2001 WL 1792449, *2 (W.D.Ky.2001); *Hayden v. Shin–Etsu Handotai Am., Inc.,* 80 F.Supp.2d 1119, 1122 (D.Or.1999) (holding that the presence of an established distribution channel is crucial in cases involving the stream of commerce theory); *see also Shamsuddin v. Vitamin Research Prods.,* 346 F.Supp.2d 804, 813. This Court finds that the Defendants do not have minimum contacts with Florida to satisfy the due process requirements. Therefore, the Court finds that the exercise of personal jurisdiction over Defendants in this matter is not warranted.

### B. *Venue*

Defendants also argue that venue is improper as to Defendant Trout and Defendant Duraform. The Court need not reach this issue, however, having found that Defendants are not subject to personal jurisdiction in this forum.

## III. CONCLUSION

Based on the foregoing analysis and for the reasons stated by the Court at the July 28, 2006 hearing, the Court concludes that Defendants do not have sufficient minimum contacts with Florida to establish personal jurisdiction. At the July 28, 2006 hearing, however, the parties agreed that if the Court were to conclude that Defendants' motion to dismiss should be granted, the Court should transfer the case to the Northera District of California, rather than dismiss this action.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE–12] is hereby **GRANTED in part;**

2. The Clerk of the Court is directed to take all appropriate measures to **TRANSFER** this action to the United States District Court for the Northern District of California;

3. The Clerk shall close this case.